IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DISPLAY TECHNOLOGIES, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 20-334-RGA |
| SOUNDSTREAM, INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER DISMISSING CASE**

Display Technologies filed five cases on February 23, 2020. Each one asserts exactly one patent, U.S. patent no. 9,300,723. Each was filed by the same Delaware attorney. Each included a civil cover sheet that was left blank in Section VIII, which requests, "Related Case(s) If Any." The five cases were assigned to me.

These were not the first cases filed by the same plaintiff asserting the same patent. There were three earlier cases filed (by different counsel) on October 11, 2017, October 11, 2017, and September 6, 2018, all of which were assigned to me and were closed before February 23, 2020.

On March 4, 2020, a tenth case – this case -- was filed asserting the same patent. This case was filed by the same Delaware attorney, now joined by Texas counsel who has also entered appearances in the other five pending cases. The civil cover sheet was again left blank in response to the "Related Cases" section. This case was randomly assigned to Chief Judge Stark. If it had been designated as a related case, it would have been assigned to me at the beginning, and it has now been reassigned to me.

We have a Local Rule that states, "Counsel for a plaintiff in a civil action shall indicate on the civil cover sheet if said action is related to any other civil action *previously decided or pending* in this or any other federal district court.  Civil actions are related if they . . . [i[nvolve the same patent."  D.Del. LR 3.1(b)(3)(emphasis added).  The civil cover sheet form has instructions, which advise: "If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases."  Thus, the civil cover sheet instructions are narrower than the Local Rule.  The civil cover sheet is not specific to this Court; it is a national form.  Thus, to the extent the instructions for the civil cover sheet are inconsistent with the Local Rule, the Local Rule must be followed, not the form's instructions.  In any event, the completion of the civil cover sheet in this case was not only a violation of the Local Rule but also completed incorrectly in connection with its instructions.

If this were the first time this particular Delaware attorney had violated the Rule, or if he were an infrequent practitioner in this court, I would handle this informally as my staff has done before.  But counsel has filed seventy-two cases in this Court, and it is not his first failure to follow the rules.[1]

Counsel's failure to comply with the rules unnecessarily wastes staff time and my time.

For counsel's failure to comply with the rules, I am **DISMISSING** this case without prejudice to Plaintiff's filing a new case with the same allegations.  Plaintiff will have to pay another filing fee.  This case is **CLOSED**.

Counsel is advised that continued failure to comply with the rules will result in an escalation of my response.

---

[1] Compare 19-2070-MN ('706 patent, filed Oct. 31, 2019, closed Feb. 18, 2020) & 19-2071-MN ('706 patent, filed Oct. 31, 2019, closed March 23, 2020) with 19-2199-CFC (same Plaintiff, same patent, filed Nov. 25, 2019, with cover sheet blank in relevant location).

IT IS SO ORDERED this 30th day of March, 2020.

/s/ Richard G. Andrews
United States District Judge